# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND GAMEZ, | | CASE NO. 1:10-cv-1145-AWI-MJS (PC) |
| | Plaintiff, | |
| v. | | ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |
| P.L. VASQUEZ, | | |
| | Defendant. | |

Plaintiff is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On June 24, 2010, the Court sent Plaintiff an order severing his claims and directing him to submit an amended complaint. (ECF No. 2.) The Court also issued new case documents and mailed them to Plaintiff. (ECF No. 3.) On July 2, 2010, the orders served on Plaintiff were returned by the U.S. Postal Service as undeliverable. The Court has since attempted to serve at least two additional documents on Plaintiff and those documents were also returned by the U.S. Postal Service.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Plaintiff's mail was returned and he has

not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his address. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits— is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, the Court HEREBY ORDERS that this action be dismissed without prejudice for Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   November 13, 2010

CHIEF UNITED STATES DISTRICT JUDGE

2